IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CASE NO. 4:06CR210 |
| | § | |
| | § | |
| MICHAEL ALLEN GILLMAN | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 24, 2009 to determine whether the Defendant violated his supervised release. The Defendant was represented by Denise Benson. The Government was represented by Shamoil Shipchandler.

On February 6, 2007, the Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to 8 months imprisonment followed by a 3-year term of supervised release for the offense of mail fraud. Defendant began his term of supervised release on October 16, 2007.

On April 29, 2009, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 37). The petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled

1

substance, Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the Court; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (4) Defendant shall notify the probation officer ten days prior to any change in residence or employment; (5) Defendant shall pay restitution in the amount of $2,000; and (6) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer.

The petition alleges that Defendant committed the following violations: (1) on April 10, 2008, Defendant submitted a urine specimen that tested positive for cocaine; (2) on August 7, 2008, an appointment notice was mailed to Defendant instructing him to report in person on August 14, 2008, at 9:00 a.m. to the U.S. Probation Office in Plano, Defendant failed to report to the U.S. Probation Office as instructed, Defendant failed to submit written monthly report for the months of September and October 2008, January, February, and March 2009, and Defendant submitted a delinquent written monthly reports for June, August, November and December 2008; (3) on February 10, 2009, an unscheduled home visit at Defendant's last known residence of 915 N. Elm, Denton, Texas, 76201 resulted in negative contact with Defendant; (4) on March 3, 2008, Defendant signed a restitution payment plan agreeing to commence paying restitution in the amount of $100 on March

25, 2008, Defendant failed to make restitution payments on March 25, April 25, May 25, June 25, July 25, August 25, September 25, November 25, and December 25, 2008, and January 25, February 25 and March 25, 2009, and a balance of $2,000 remained at the time the petition was filed; and (5) Defendant failed to submit random urine specimens at Sharp Focus Centers, Denton, Texas, on January 23, February 4, March 14, 18 and 24, April 7, 23 and 29, May 3, 23 and 31, June 9, August 4, 7, 12, 18 and 26, September 3 and 29, October 7, 18, 27 and 30, November 5, 24 and 26, 2008, and on August 12 and 26, October 16, and December 10, 2008, Defendant failed to attend scheduled counseling sessions at Sharp Focus Centers in Denton, Texas.

At the June 24, 2009 hearing, Defendant entered a plea of true to the alleged violations. The Court finds that Defendant violated the terms of his supervised release.

Defendant offered the testimony of several witnesses regarding the mitigation of his sentence, including the testimony of his probation officer. After hearing argument from counsel as to the proposed sentence as well as the testimony of the witnesses, the Court recommends that Defendant's supervised release be revoked. However, the Court notes that the majority of Defendant's violations were C violations, with one B violation, and the Court finds that this factor warrants a downward departure from the B violation minimum guideline sentence.

At this time, Defendant has not waived his right to allocute before the district judge or his right to object to the report and recommendation of this Court.

## RECOMMENDATION

As fully set forth above, the Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with no supervised release to follow.

**SIGNED this 25th day of June, 2009.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE